UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **RICHARD ROSS, # 415854,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:25-cv-00502 |
| | ) |
| **FRANK STRADA, et al.,** | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Richard Ross, who is currently in custody of the Riverbend Maximum Security Institution in Nashville, Tennessee, filed a pro se Complaint alleging violations of his civil rights. (Doc. No. 1). The Complaint is now before the Court for initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2), 1915A.

I.     **FILING FEE**

Ross filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 7). Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Ross's IFP Application and supporting documentation, it appears that he lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, the IFP Application (Doc. No. 7) will be granted.

Under § 1915(b), Ross nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder

1

in installments. Accordingly, Ross is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Ross's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Ross's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Ross's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Riverbend Maximum Security Institution to ensure that the custodian of Ross's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Ross is transferred from his present place of confinement, the custodian

2

Case 3:25-cv-00502    Document 8    Filed 01/28/26    Page 2 of 8 PageID #: 63

of his inmate trust fund account **MUST** ensure that a copy of this Order follows Ross to his new place of confinement for continued compliance.

## I. PLRA SCREENING STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). 28 U.S.C. § 1915A(a), (b).

The court must construe a pro se complaint liberally, United States v. Smotherman, 838 F.3d 736, 739 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept a plaintiff's factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. FACTUAL ALLEGATIONS AND CLAIMS

The Complaint names five Defendants: Tennessee Department of Corrections Commissioner Frank Strada, Warden Ken Nelson, Assistant Warden Michael Keys, Assistant

Warden Hanes, and Officer Francesco Andriello. (Doc. No. 1 at 2−3). Each Defendant is sued in his official and individual capacities. (Id. at 3).

Ross alleges that on July 9, 2024, Officer Andriello was assisting a nurse with medication distribution. (Id. at 3−4). Ross and the nurse argued about Ross's medication. (Id. at 4). Ross's hands were in the "two stage pie flap" of his cell door. (Id.) Officer Andriello grabbed his pepper spray and announced that he was going to spray Ross. (Id.) Without further warning, Officer Andriello slammed the door flap doors on Ross's hands and arms while simultaneously spraying a chemical agent at Ross's face and upper body. (Id.) Officer Andriello also struck Ross's hands with the bottom of the chemical agent spray can. (Id.) Officer Andriello then locked the door flap with Ross's hand still inside. (Id.)

Officer Andriello called for officer assistance but not a medical emergency. (Id.) When officers and nurses arrived, they removed Ross's hand from the door flap and sent him for medical attention. (Id. at 4−5). Ross was sent to an outside hospital, where he was eventually referred to a hand specialist and received 20 stitches. (Id. at 5).

On July 13, 2024, Officer Andriello wrote a disciplinary report against Ross for assault on staff, but he later withdrew it. (Id. at 5−6). Officer Andriello has previously been named in a lawsuit for similar behavior. (Id. at 6).

Ross continues to suffer physical and mental injuries as a result of Officer Andriello's actions. (Id. at 6−7).

Ross claims that all Defendants are liable for "misuse of physical force against the plaintiff without provocation and/or for failing to intervene." (Id. at 7). He seeks declaratory relief, injunctive relief, and damages. (Id. at 8−9).

### III. ANALYSIS

Ross has alleged sufficient facts to state a viable claim against Officer Andriello for excessive force in violation of the Eighth Amendment. All other claims will be dismissed for failure to state a claim upon which relief may be granted.

A. <u>Claims to proceed</u>

"[A] claim of excessive force has both an objective and a subjective component. The official must have acted with a sufficiently culpable state of mind, and the alleged wrongdoing must be objectively harmful enough to establish a constitutional violation." <u>Gunther v. Castineta</u>, 561 Fed. Appx. 497, 503 (6th Cir. 2014).

Here, Ross alleges that Officer Andriello sprayed him with a chemical agent and repeatedly slammed his hand in a mechanical door flap, all without provocation or adequate warning. (Doc. No. 1 at 4). Based on these facts, he has alleged a viable Eighth Amendment claim based on excessive force. This claim will proceed against Officer Andriello in his individual official capacities.[1]

B. <u>Claims to be dismissed</u>

To state an Eighth Amendment claim based on a prison official's failure to intervene, Ross must allege that the Defendant "observed or had reason to know that excessive force would be or was being used *and* had both the opportunity and the means to prevent the harm from occurring." <u>Burgess v. Fischer</u>, 753 F.3d 462, 475 (6th Cir. 2013) (quotation marks and citation omitted). Ross does not allege that Commissioner Strada, Warden Nelsen, Assistant Warden Keys, or Assistant Warden Hanes observed or had reason to know that excessive force would be used during the

---

[1] Ross may not seek damages from Officer Andriello in his official capacity under 42 U.S.C. § 1983. See <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989). The official-capacity claim will proceed only for injunctive and declaratory relief.

5

interaction between Ross and Officer Andriello. Nor does Ross allege that any of these Defendants had an opportunity to prevent the harm from occurring. Accordingly, Ross has failed to state an Eighth Amendment claim against any of these Defendants for which relief may be granted.

### IV. MOTION FOR COUNSEL

Ross has filed a Motion for Appointment of Counsel. (Doc. No. 7). "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." Lavado v. Keohane, 992 F.2d 601, 604−05 (6th Cir. 1993) (quotation marks and citations omitted). "Whether exceptional circumstances exist depends on the type of case and the plaintiff's ability to represent [himself]. In turn, this involves an assessment of the complexity of the factual and legal issues involved in the case." Bryant v. McDonough, 72 F.4th 149, 152 (6th Cir. 2023) (citations omitted).

Here, Ross asserts that he is "a common man" with no understanding of the law. (Doc. No. 3 at 1). He describes this case as "extraordinarily complex." (Id. at 2). However, Ross's filings demonstrate that he can follow the Court's instructions and present his allegations in a coherent, logical manner. Moreover, this case is not legally or factually complex. On the contrary, the factual allegations are straightforward: Officer Andriello sprayed Ross with a chemical agent and repeatedly slammed his hand in a mechanical door flap, all without provocation or adequate warning. (Doc. No. 1 at 4). It is Ross's burden to prove these allegations are true and that they rise to the level of excessive force in violation of the Eighth Amendment. Nothing in the record indicates that he requires the assistance of counsel to try to make the required showing.

Accordingly, Ross's Motion for Appointment of Counsel (Doc. No. 3) will be denied without prejudice. If the litigation advances to a stage, including trial, where Ross believes he can no longer represent himself effectively, he may renew his motion for appointment of counsel.

6

## V.  CONCLUSION

Ross's IFP Application (Doc. No. 7) is **GRANTED**. His Motion for Appointment of Counsel (Doc. No. 3) is **DENIED** without prejudice.

The court has screened the Complaint pursuant to the PLRA and finds that the Complaint fails to state a Section 1983 claim upon which relief can be granted against Commissioner Strada, Warden Nelsen, Assistant Warden Keys, or Assistant Warden Hanes. All claims against these defendants are therefore **DISMISSED** for failure to state a claim upon which relief may be granted. The Clerk is **DIRECTED** to terminate Commissioner Strada, Warden Nelsen, Assistant Warden Keys, and Assistant Warden Hanes as Defendants on the docket.

The Complaint states a viable Eighth Amendment excessive force claim against Officer Francesco Andriello. This claim **SHALL PROCEED** against Officer Andriello in his individual and official capacities.

The Clerk is **DIRECTED** to send the plaintiff a service packet (a blank summons (AO 440) and USM 285 form) for Defendant Andriello. Ross **MUST** complete the service packet and return it to the Clerk's Office within **30 DAYS** of the entry of this order. Failure to do so may result in the dismissal of this case. Upon return of the properly completed service packet, the Clerk is **DIRECTED** to issue summons to the U.S. Marshals Service for service on the defendant. Fed. R. Civ. P. 4(b) and 4(c)(3).

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), this action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pre-trial, non-dispositive motions, to issue a Report and Recommendation on all dispositive motions, and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court. Despite the issuance of process,

7

Case 3:25-cv-00502    Document 8    Filed 01/28/26    Page 7 of 8 PageID #: 68

the Magistrate Judge may <u>sua</u> <u>sponte</u> recommend the dismissal of any claim for the reasons set forth in 28 U.S.C. § 1915(e)(2).

Ross is forewarned that his prosecution of this action will be jeopardized if he should fail to keep the Clerk's Office informed of his current address.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE